IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARSHALLAWN HAYES,

|   |   |   |
|---|---|---|
| **MARSHALLAWN HAYES,** | | |
| | **Plaintiff,** | |
| **v.** | | **1:14-cv-2764-WSD** |
| **ROCKDALE COUNTY, SHERIFF ERIC LEVETT, Individually and in his official capacity as Rockdale County Sheriff, and JOHN DOES 1-3,** | | |
| | **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Defendants Rockdale County and Sheriff Eric Levett's (together, "Defendants") Motion for Summary Judgment [16].

### I.   BACKGROUND

On July 19, 2014, Plaintiff Marshallawn Hayes ("Plaintiff") filed this action in the State Court of Rockdale County, Georgia, seeking damages for alleged cruel and unusual punishment in violation of 42 U.S.C. §§ 1983, 1985, 1986, the U.S. Constitution, and state law.  ([1.2]).  Defendants timely removed the action.  ([1]).

Rockdale County, Georgia, is a subdivision of the State of Georgia.  (Defs.' Statement of Material Facts ("DSMF") ¶ 1; Pl.'s Statement of Material Facts

("PSMF") ¶ 1).[1]  The Rockdale County Sheriff is a state law enforcement official. Ga. Const. Art. IX, Sec. 1, Par. 3.  The Sheriff operates the County jail.  (DSMF ¶ 4, PSMF ¶ 4).

Eric Levett was first employed by the Rockdale County Sheriff's Office ("RCSO") in 2006.  From 2006 through March 2012, Levett worked in the RCSO but never at the Rockdale County Jail (the "Jail").  Levett was not responsible for the operation of the Jail during this period.  Levett was responsible for the Jail only after he became Sheriff on January 1, 2013.  (DSMF ¶ 3, PSMF ¶ 3).

Plaintiff was arrested by the RCSO on June 25, 2012, and released on July 30, 2012.  (DSMF ¶ 8, PSMF ¶ 8).  On June 27, 2012, Plaintiff received a medical evaluation.  The evaluation showed that Plaintiff had a previous injury to his left knee, and, to address the injury, fixation patellar wires were installed. (DSMF ¶ 9, PSMF ¶ 9).  The evaluation deemed Plaintiff qualified to work.  (Id.).

---

[1]     As required when considering a motion for summary judgment, the Court has viewed the evidence and factual inferences in the light most favorable to Plaintiff, the nonmoving party.  See United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).  To the extent that material facts are in dispute, the Court has resolved the disputes in Plaintiff's favor.  See Vaughan v. Cox, 343 F.3d 1323, 1326 n.1 (11th Cir. 2003).  The facts recited in this section are intended to establish the context of the case.  Additional facts will also be recited below.

While incarcerated at the Jail, Plaintiff was assigned to a work detail that performed work to demolish an area in an old jail to prepare it for remodeling. (DSMF ¶ 10; PSMF ¶ 10).  On July 21, 2012, at approximately 1:15 PM, Plaintiff injured his knee while on the work detail.  (DSMF ¶ 11; PSMF ¶ 11).  Within approximately ten (10) minutes of his injury, Deputy Epperson escorted Plaintiff to the clinic at the Jail.  (DSMF ¶ 12; PSMF ¶ 12).  At approximately 1:20 p.m., Plaintiff received a physical examination and was prescribed three days of Ibuprofen.  (DSMF ¶ 13; PSMF ¶ 13).  He thereafter was seen by the nurse for three days to obtain the medication.  (Id.).

On July 23, 2012, Plaintiff again was examined by medical personnel at the Jail.  (DSMF ¶ 14; PSMF ¶ 14).  The examination showed there was no gross welling, but that there was a broken wire and a contusion at the left knee.  (Id.). Philip Nowlin, M.D. ordered an x-ray, wrapped the knee with an ace bandage, and ordered that Motrin be continued.  (Id.).  On July 26, 2012, the knee was x-rayed, which showed that the fixation patellar wire in Plaintiff's left knee was broken at three sites, but that Plaintiff did not have any acute fractures, dislocations, or disease in the knee.  (DSMF ¶ 15; PSMF ¶ 15).  On July 30, 2015, Plaintiff was released from the Jail.  (DSMF ¶ 16; PSMF ¶ 16).

Plaintiff asserts the following claims against Defendants:  (1) denial of medical care constituting cruel and unusual punishment in violation of the U.S. Constitution, brought under 42 U.S.C. §§ 1983, 1985, and 1986 ([1.2] ¶¶ 5, 19, 29, 32, 33); (2) denial of medical care constituting cruel and unusual punishment in violation of the Georgia Constitution (id.); (3) failure of Rockdale County adequately to "supervise and train its Sheriff's Deputies and probation officers, thereby failing to adequately discourage further constitutional violations on the part of its Sheriff's Deputies and probation officers" and not "requir[ing] adequate training for dealing with health care issues, health care treatment" (id. ¶¶ 30, 31, 33); (4) negligence in "failing to provide medical care and intentionally allowing Plaintiff to suffer" (id. ¶¶ 35-39); and (5) punitive damages (id. ¶ 40).

On April 27, 2015, Defendants filed their summary judgment motion. Defendants move for summary judgment on the following grounds:  (1) Sheriff Levett is not liable on Plaintiff's claims because he was not in office at the time of Plaintiff's injuries; (2) Rockdale County is not liable on Plaintiff's federal claims because it is not responsible for enacting any policy that proximately caused the alleged harm; (3) Rockdale County is not liable on Plaintiff's federal claims for inadequate supervision and training; (4) Plaintiff does not have a claim under 42 U.S.C. § 1986 for failing to prevent a conspiracy; (5) Plaintiff cannot show that

Defendants are responsible for deliberate indifference to a serious medical need and thus Plaintiff cannot succeed on his constitutional claims; (6) Sheriff Levett is entitled to qualified immunity from Plaintiff's Section 1983 claim; (7) the Georgia Constitution does not provide Plaintiff a damages remedy; (8) Sheriff Levett cannot be held liable for negligence; (9) Rockdale County is protected by sovereign immunity; and (10) Plaintiff's punitive damages claims are barred.

Plaintiff argues that Defendants' summary judgment motion is barred because it was filed more than thirty days after the close of discovery.  (Resp. [17] at 1-2).  Plaintiff concedes that Sheriff Levett was not the county Sheriff at the time of the incident, but maintains that he is liable "due to the fact the Defendants and Rockdale County Jail left Plaintiff in his cell with wire protruding from his knee after he was injured."  (Id. at 3).  Plaintiff also argues that sovereign immunity and qualified immunity do not apply to protect Defendants, and suggests that the fact that there were wires protruding from Plaintiff's knee, standing alone, establishes liability.  (Id. at 3-4).  Plaintiff failed to respond to any other of Defendants' grounds for summary judgment, and the Court deems Defendants' motion for summary judgment on these grounds unopposed.  See LR 7.1(B), N.D.Ga. ("Failure to file a response shall indicate that there is no opposition to the motion"); see also Bernstein v. Ga. Dep't of Educ., 970 F. Supp. 2d 1340, 1354-55

(N.D. Ga. 2013); <u>Welch v. Delta Air Lines, Inc.</u>, 978 F. Supp. 1133, 1137 (N.D. Ga. 1997).

## II.    LEGAL STANDARD

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56.  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the nonmoving party must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  <u>Graham v. State Farm Mut. Ins. Co.</u>, 193 F.3d 1274, 1282 (11th Cir. 1999).  The nonmoving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." <u>Id.</u>

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007).  Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not

required to adopt that version of the facts when ruling on summary judgment.  Id.

"[C]redibility determinations, the weighing of evidence, and the drawing of

inferences from the facts are the function of the jury . . . ."  Graham, 193 F.3d at

1282.  "If the record presents factual issues, the court must not decide them; it must

deny the motion and proceed to trial."  Herzog, 193 F.3d at 1246.  The party

opposing summary judgment "'must do more than simply show that there is some

metaphysical doubt as to the material facts . . . .  Where the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, there is no

genuine issue for trial.'"  Scott, 550 U.S. at 380 (quoting Matsushita Elec. Indus.

Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).  A party is entitled

to summary judgment if "the facts and inferences point overwhelmingly in favor of

the moving party, such that reasonable people could not arrive at a contrary

verdict."  Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir.

2002) (quotations omitted).

III.   **ANALYSIS**

   A.   Timeliness of Defendants' Motion

   Plaintiff argues that Defendants' summary judgment motion, filed on

April 27, 2015, is untimely because it was filed one day late.  (Resp. at 1-2).  The

Court disagrees.  Discovery in this case closed on March 27, 2015.  (January 16,

2015, Order [10]).  Under the local rules, motions for summary judgment are due

thirty (30) days after the close of discovery.  L.R. 56.1(D), N.D.Ga.  Thirty days

after the close of discovery was Sunday, April 26, 2015.  Fed. R. Civ. P. 6(a)(1)(C)

provides that, in computing time, if the last day is a Sunday, "the period continues

to run until the end of the next day . . . ."  Defendants' summary judgment motion,

filed on April 27, 2015, was timely.

> B.    <u>Sheriff Levett's Liability on Plaintiff's Claims</u>

Defendants move for summary judgment on all of Plaintiff's claims against

Sheriff Levett in his individual capacity, arguing that Sheriff Levett was not in

office at the time of the alleged violation of Plaintiff's rights, was not responsible

for the Jail, and thus could not have caused a violation of Plaintiff's rights.  (Mot.

at 5).  A Section 1983 claim "requires proof of an affirmative causal connection

between the actions taken by a particular person under color of state law and the

constitutional deprivation."  <u>LaMarca v. Turner</u>, 995 F.2d 1526, 1538 (11th Cir.

1993) (internal quotation marks omitted).  The personal acts of the defendant and

whether the defendant "actually controls, or fails properly to supervise a

subordinate" may be relevant inquiries in establishing Section 1983 causation.  <u>Id.</u>

Plaintiff here does not allege that Sheriff Levett personally caused Plaintiff's

injury, and it is uncontested that Sheriff Levett was not responsible for the Jail

8

before or during Plaintiff's injury.  Plaintiff "readily concedes that Defendant Sheriff Levett was not the county Sheriff at the time of the incident," but "maintains that Sheriff Levett, as the government agent responsible for the Rockdale County Jail, is liable for the acts complained of in the Complaint due to the fact the Defendants and Rockdale County Jail left Plaintiff in his cell with wire protruding from his knee after he was injured."  (Resp. at 3).

Although his argument is unclear, Plaintiff appears to argue Sheriff Levett should be held liable on Plaintiff's claims on a theory of respondeat superior. Plaintiff's argument fails.  First, respondeat superior does not apply to claims under 42 U.S.C. § 1983.  Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).  Second, respondeat superior cannot apply to hold Sheriff Levett liable for Plaintiff's state law claims, because Sheriff Levett was not an employer at the time of the injury.  See Farzaneh v. Merit Constr. Co., Inc., 710 S.E.2d 839, 842 (Ga. Ct. App. 2011).  Because Plaintiff fails to raise a triable issue of material fact regarding Sheriff Levett's liability in his individual capacity on any of Plaintiff's claims, Defendants' motion for summary judgment is granted on Plaintiff's claims against Sheriff Levett in his individual capacity.

C.    <u>Defendants' Immunity Defenses</u>

Defendant next moves for summary judgment on the ground that Rockdale County is protected by sovereign immunity from Plaintiff's state law claim for damages.  (Mot. at 24).  "Under the Georgia Constitution, the protection of sovereign immunity extends to the state and all of its departments, including counties, and thus protects county employees who are sued in their official capacities unless sovereign immunity has been waived." <u>Jobling v. Shelton</u>, —— S.E.2d ——, ——, 2015 WL 7044042, at *3 (Ga. Ct. App. Nov. 13, 2015) (internal quotation marks omitted).  "Any waiver of sovereign immunity must be established by the party seeking to benefit from that waiver." <u>Id.</u> (alterations omitted).  Plaintiff did not identify any waiver of sovereign immunity that applies to this case, and the Court is not aware of any.[2]  The Court finds that Rockdale

---

[2]    Plaintiff claims that Section 2, Paragraph IX of the Georgia Constitution supports his argument that sovereign and official immunity do not apply, because this section provides that "the State can be liable if they intend to cause injury in the performance of official functions."  (Resp. at 2-3).  The subsection to which Plaintiff presumably refers is subsection (d), which states:

> all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions.

County is protected by sovereign immunity from Plaintiff's state law claims, and

Defendants' motion for summary judgment on Plaintiff's state law claims against

Rockdale County is granted.[3]

      D.      <u>Plaintiff's Cruel and Unusual Punishment Claims</u>

     Defendant next moves for summary judgment on Plaintiff's constitutional

claims for cruel and unusual punishment stemming from denial of medical care.[4]

---

Ga. Const., Art. I, Sec. II, Par. IX(d).  This section, however, applies only to state employees sued in their individual capacity, not counties sued in their official capacity.  <u>See</u> <u>Tattnall Cty. v. Armstrong</u>, 775 S.E.2d 573, 576 (Ga. Ct. App. 2015) ("[S]ubsection (d) of the 1991 amendment to Art. I. Sec. II, Par. IX establishes a different type of immunity, known as official or qualified immunity when an officer or an employee of the state is sued in his individual capacity.").

[3]     Because Plaintiff's Section 1983 claim against Sheriff Levett does not survive, as discussed in Section III.B., *supra*, the Court need not address the issue whether Sheriff Levett is protected by qualified immunity from Plaintiff's claims against him in his individual capacity.

     With respect to Plaintiff's state law negligence claim against Sheriff Levett, even if qualified immunity did not apply, the Court finds summary judgment is warranted.  Sheriff Levett cannot be held liable for negligence in this case, because, as explained above, there is no evidence he was involved in any way in Plaintiff's injury or medical care, and respondeat superior does not apply.  Plaintiff has not even attempted to establish the existence of a legal duty owed by Sheriff Levett, a breach of this duty, or a causal connection between the breach and Plaintiff's injury.  <u>See</u> <u>Persinger v. Step by Step Infant Dev. Ctr.</u>, 560 S.E.2d 333, 335 (Ga. Ct. App. 2002).  Sheriff Levett cannot be liable for negligence under Georgia law, and Defendants' motion for summary judgment on this claim is granted.

[4]     As a pre-trial detainee, Plaintiff's rights exist under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment, which Plaintiff alleges in this case.  <u>McDowell v. Brown</u>, 392 F.3d 1283, 1289 n.8 (11th Cir.

To impose Section 1983 liability on a municipality, a plaintiff must show:  "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  <u>McDowell v. Brown</u>, 392 F.3d 1283, 1289 (11th Cir. 2004).

To show a constitutional violation, the plaintiff must show that a failure to provide medical treatment amounted to cruel and unusual treatment in violation of the Eighth Amendment.  <u>See</u> <u>McAdams v. Talladega Cty. Jail</u>, No. 7:12-cv-02492-RDP-JE, 2014 WL 4388534, at *5-6 (N.D. Ala. Aug. 29, 2014).  The United States Supreme Court has held that it is only "deliberate indifference to serious medical needs of prisoners which will give rise to a claim of cruel and unusual punishment in violation of the Eighth Amendment."  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). Deliberate indifference can be shown either "by prison doctors in their response to a prisoner's needs or by prison guards in intentionally denying or delaying access to medical care."  <u>Id.</u> at 104-105.

---

2004).  Nonetheless, Plaintiff's claims are subject to the same Eighth Amendment scrutiny as if they had been brought as deliberate indifference claims under the Eighth Amendment.  <u>Id.</u>

To amount to a constitutional violation, the conduct of prison officials must run counter to evolving standards of decency or involve the unnecessary and wanton infliction of pain.  See Bass v. Sullivan, 550 F.2d 229, 230 (5th Cir. 1977). "Medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Mere negligence is insufficient to support a constitutional claim.  Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1979).  As stated by the Estelle court, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  429 U.S. at 106.  Therefore, an accidental or inadvertent failure to provide medical care or negligent diagnosis or treatment of a medical condition does not constitute a wrong under the Eighth Amendment.  See Ramos v. Lamm, 639 F.2d 559, 574 (10th Cir. 1980).  Neither will a mere difference of opinion between an inmate and the institution's medical staff, as to treatment and diagnosis, alone give rise to a cause of action under the Eighth Amendment.  Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); see also Estelle, 429 U.S. at 106-108.

Deliberate indifference can be shown in a variety of ways.  As the Eleventh Circuit noted:

> Our cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference. Medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" constitutes deliberate indifference. "A doctor's decision to take an easier and less efficacious course of treatment" also constitutes deliberate indifference. Additionally, when the need for medical treatment is obvious, medical care that is so cursory as to amount to no treatment at all may constitute deliberate indifference.

Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (internal citations omitted).

In response to Defendants' summary judgment motion, Plaintiff argues:

> Defendants correctly state that in order for an official to act with deliberate indifference to an inmate's medical needs, a Plaintiff must provide evidence that the inmate presented an objectively serious medical need and that the official was deliberately indifferent to it.
> In this case, Plaintiff had a <u>wire protruding out of his knee</u> and the Defendants did not put it back in. Having a wire protruding out of one's knee is clearly a serious medical need, and not putting the wire back into one's body is clearly indifferent to the pain and need for medical treatment a person is going through.

(Resp. at 4 (internal citations omitted, emphasis in original)).

Plaintiff appears to argue that the fact that he had a "wire protruding out of his knee and the Defendants did not put it back in," standing alone, establishes liability for a constitutional violation. The Court disagrees. Plaintiff cannot establish that his constitutional rights were violated. Even assuming that Plaintiff's injury presented a serious medical need, Plaintiff was provided a prompt physical

14

examination, x-ray, diagnosis, pain medication, and a bandage.  Several medical providers treated Plaintiff on three separate occasions over the course of six days between the injury on July 21, 2012, and Plaintiff's release on July 30, 2012.  Even assuming this medical care was inadequate, mere negligence is insufficient to support a constitutional claim.  Fielder, 590 F.2d at 107.

Further, even if Plaintiff could establish a constitutional violation—and the Court holds he cannot—a plaintiff seeking to hold a municipality liable under Section 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." McDowell, 392 F.3d at 1290 (quoting Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999)).  Plaintiff fails to present *any* evidence identifying a municipal policy or custom that caused his injury or lack of medical care.

As to Sheriff Levett, as explained above, the Court finds summary judgment is warranted on all of Plaintiff's claims against Sheriff Levett in his individual capacity.  Plaintiff does not offer any evidence that Sheriff Levett was present at the Jail, was aware of Plaintiff's injury, or was otherwise involved, directly or indirectly, in Plaintiff's injury or medical treatment.  Because Plaintiff fails to raise

a triable issue of material fact, Defendants' motion for summary judgment is

granted on Plaintiff's Section 1983 claim for cruel and unusual punishment.[5]

E.    Other Claims

Plaintiff fails to address any of Defendants' other grounds for summary

judgment.  These grounds are that:  (1) Plaintiff has no claim under 42 U.S.C.

§ 1986 for failing to prevent a conspiracy; (2) the Georgia Constitution does not

provide Plaintiff a damages remedy; (3) Sheriff Levett cannot be held liable for

negligence under Section 1983 for a violation of federal law; and (4) Plaintiff's

punitive damages claims are barred.

The Court deems Defendants' motion for summary judgment on these

grounds unopposed.  See LR 7.1(B), N.D.Ga. ("Failure to file a response shall

indicate that there is no opposition to the motion"); see also Bernstein, 970 F.

Supp. 2d at 1354-55; Welch, 978 F. Supp. at 1137.  Further, the Court finds

Defendants' arguments and legal authority meritorious on these claims.  The Court

---

[5]     Plaintiff does not appear to challenge Defendants' motion for summary
judgment on Plaintiff's cruel and unusual punishment claim under the Georgia
Constitution.  As discussed below, the court deems Defendants' motion for
summary judgment on this ground unopposed.  To the extent Plaintiff's response
was meant to encompass his Georgia Constitution claim, the Court holds that
summary judgment is appropriate on this claim as well.  Georgia has "no
equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer
individually for certain unconstitutional acts."  Howard v. Miller, 476 S.E.2d 636,
639 (Ga. Ct. App. 1996).

also finds Plaintiff's other claims do not present any genuine issues of material fact.  Accordingly, Defendants' motion for summary judgment on Plaintiff's remaining claims is granted.[6]

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Rockdale County and Sheriff Eric Levett's Motion for Summary Judgment [16] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants John Doe 1-3 are **DISMISSED** from this case.

**SO ORDERED** this 11th day of January, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[6]     Plaintiff's Complaint also names John Does 1-3 as defendants (the "John Doe Defendants").  ([1.2] ¶ 3).  Fictitious party pleading is not permitted in federal court, unless plaintiff's description of the fictitious defendants is so specific as to be, at the very worst, surplusage.  Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).  Plaintiff describes the John Doe Defendants as "yet unknown Defendants" that "may be employees, contractors, or legal entities related to Rockdale County . . . ."  ([1.2] ¶ 3).  This description is a far cry from the specificity required for fictitious defendant pleading in the Eleventh Circuit, and the John Doe Defendants are required to be dismissed.

17